[No. 1252.]

THE STATE OF NEVADA, ex rel. DANIEL B. SOHL, RELATOR, *v.* C. S. PREBLE, SURVEYOR GENERAL and EX-OFFICIO LAND REGISTER of the STATE OF NEVADA, RESPONDENT.

SALE OF STATE LANDS — SIMULTANEOUS APPLICATIONS — WHEN MANDAMUS SHOULD NOT ISSUE.—The act of 1873, entitled "An act to provide for the selection and sale of lands that have been, or may hereafter be, granted by the United States to the state of Nevada," makes no provision for cases where there are two or more simultaneous applications for the same lands, and neither applicant claims a preferred right to purchase by reason of prior occupancy or possession. *Mandamus* to the surveyor general and *ex officio* land register, to compel him to sell to one applicant, in preference to the others, in such a case, will therefore be denied.

APPLICATION for *mandamus*.

*A. C. Ellis*, for Relator.

*R. H. Lindsay*, for Respondent.

By the Court, LEONARD, C. J.:

This is an application for a writ of *mandamus* to compel respondent, on behalf of the state, as surveyor general and *ex officio* land register of the State of Nevada, to enter into a contract with relator for the sale of certain lands described in the petition, or to sell said lands to him at the price of one dollar and twenty-five cents per acre.

Relator filed his application to purchase said lands August 30, 1882, and on the same day three other persons filed their several applications, covering, in the aggregate, the same lands. Relator alleges in his petition that his application was prior in time. Respondent denies this allegation, and alleges the priority of the other three applications mentioned. All the applicants were entitled to purchase the lands in question, and each complied with the statute governing the purchase of state lands.

It was the duty of respondent, under the statute, to enter into a contract with relator for the purchase of the lands described in the petition, or to sell the same at the price above stated, if relator's application was prior to any other valid application, but such was not his duty if all the applications named were simultaneous. The statute governing this case makes no provision for cases where there are two or more simultaneous applications for the same lands belonging to the state, and neither applicant claimed a preferred right to purchase by reason of prior occupancy or possession.

It will serve no useful purpose to review the evidence in this case. We have examined it carefully, and are satisfied that the four applications were simultaneous, and ought to be so considered. *Mandamus* denied.